FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

APR 2 6 2011

JAMES R LARSEN, CLERK
_____ DEPUTY
YAKIMA, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | CR-10-117-FVS |
| vs. | ) | |
| DONALD DUANE HOLLOWAY, | ) | Order of Forfeiture |
| Defendant. | ) | |

IT IS HEREBY ORDERED THAT:

As the result of the guilty plea to Count 1 of the Information Superseding Indictment for which the Government sought forfeiture pursuant to 18 U.S.C. § 2253, Defendant, DONALD DUANE HOLLOWAY, shall forfeit to the United States any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

The Court has determined, based on the Defendant's plea agreement, that the following assets are subject to forfeiture pursuant to 18 U.S.C. § 2253, and that the government has established the requisite nexus between such assets described below, and such offenses:

(a)    2 GB USB device;

(c)    Digipix Camera;

(d)    Gateway computer S/N PTG040X0079110445B27Q3;

(e)    Canon printer S/N JNHC52154; and

(f)    Web Camera.

seized by the Federal Bureau of Investigation on or about December 22, 2009.

1     The United States is no longer seeking forfeiture of item (b) Gateway

2 computer S/N 033246402 and item (g) Compaq computer S/N 2H11J89355S2,

3 and arrangements will be made to return these assets to Defendant's mother.

4     Upon the entry of this Order, the United States Attorney General (or a

5 designee) is authorized to seize the above-listed assets subject to forfeiture,

6 whether held by the defendant or by a third party, and to conduct any discovery

7 proper in identifying, locating or disposing of the property subject to forfeiture, in

8 accordance with 21 U.S.C. § 2253 and Fed. R. Crim. P. 32.2(b)(3).

9     Upon entry of this Order, the United States is authorized to commence any

10 applicable proceeding to comply with statutes governing third party rights,

11 including giving notice of this Order.

12     Pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or

13 Maritime Claims and Asset Forfeiture Actions and 21 U.S.C. § 853(n), as

14 incorporated by 18 U.S.C. § 2253, the United States will post notice of this order

15 on the official government internet site (www.forfeiture.gov) for at least 30

16 consecutive days.  The United States may also, to the extent practicable, provide

17 direct written notice to any person known to have alleged an interest in the

18 property that is the subject of the Order of Forfeiture, as a substitute for posted

19 internet notice as to those persons so notified.

20     Any person, other than the above-named Defendant, asserting a legal

21 interest in the above-listed property may, within sixty(60) days of the first posting

22 of notice, or receipt of notice, whichever is earlier, petition the court for a hearing

23 without a jury to adjudicate the validity of his alleged interest in the above-listed

24 property, and for an amendment of the order of forfeiture, pursuant to Rule G(5),

25 as incorporated by 21 U.S.C. § 853(n) and 18 U.S.C. § 2253.

26     Any petition filed by a third party asserting an interest in the above-listed

27 property shall be signed by the petitioner under penalty of perjury and shall set

28 forth the nature and extent of the petitioner's right, title, or interest in said

property, the time and circumstances of the petitioner's acquisition of the right, title or interest in said property, and any additional facts supporting the petitioner's claim and the relief sought.

Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Order of Forfeiture is final as to the Defendant at the time of sentencing, and is made part of the sentence and included in the judgment.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the above-listed property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in Rule G(5), as incorporated by 21 U.S.C. § 853(n)(2) and 18 U.S.C. § 2253, for the filing of third party petitions.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

ORDERED this $\underline{25}$ day of April, 2011.

_Fred Van Sickle_
Fred Van Sickle
United States District Judge

Presented by:

Michael C. Ormsby
United States Attorney

s/Stephanie J. Lister

Stephanie J. Lister
Assistant United States Attorney

Order of Forfeiture - 3
Holloway Forfeiture Order.wpd