FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 25, 2016

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DONALD D. HOLLOWAY,<br><br>Defendant. | No.   2:10-CR-00117-SMJ<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

Before the Court, without oral argument, is Donald D. Holloway's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, ECF No. 71. Holloway asks the Court to vacate his sentence on the grounds that (1) his sentence was based in part on a prior "violent felony," in violation of due process; (2) he received ineffective assistance of counsel; and (3) the prosecutor engaged in misconduct. Having reviewed the pleadings and the file in this matter, the Court is fully informed and denies Defendants' motion.

28 U.S.C. § 2255 permits a federal prisoner to move the court which imposed his sentence to vacate, set aside, or correct the sentence on the ground that the sentence was unconstitutional, in excess of the maximum authorized by law, or otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A one-year period of

ORDER **-** 1

limitation applies to motions under § 2255, running from the latest of "the date on which the judgment of conviction becomes final; . . . [or] the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. . . ." *Id.* at § 2225(f).

The judgment in this case became final on April 25, 2011. ECF No. 50. Holloway argues that his motion is nevertheless timely in light of the Supreme Court's decisions in *Johnson v. United States* and *Welch v. United States*. *Johnson* was decided on June 26, 2015, and held that "an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 135 S. Ct. 2551, 2563 (2015). *Welch* was decided on April 18, 2016, and held that *Johnson* has retroactive effect in cases on collateral review. 136 S. Ct. 1257, 1265 (2016).

Because Holloway's ineffective assistance of counsel and prosecutorial misconduct arguments do not rely on *Johnson*, they are untimely, and the Court will not consider them. Holloway's due process argument does appear to rely on *Johnson*.

*Johnson* invalidated the residual clause of the Armed Career Criminal Act's (ACCA) definition of "violent felony"—"any crime punishable by imprisonment for a term exceeding one year . . . that– . . . is burglary, arson, or extortion, involves

ORDER **-** 2

use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 135 S. Ct. at 2555–56 (quoting 18 U.S.C. § 924(e)(2)(B)). The Court concluded that the clause was unconstitutionally vague. *Id.* at 2557. Following *Johnson*, it is an open question whether the residual clause in the Sentencing Guideline's definition of a "crime of violence," which is worded identically to the ACCA's residual clause, remains valid. *United States v. Torres*, __ F.3d __, 2016 WL 3770517, at *9 (9th Cir. Jul. 16, 2016) (collecting cases).

Holloway argues that a "[p]rior violent felony was used to increase [his] (5) year mandatory minimum to a (10) year mandatory minimum and the term was used again to add two (2) more years to [his] sentence." ECF No. 71 at 5. But Holloway was not sentenced under the ACCA and he did not receive any criminal history points, or other sentencing enhancement, based on having committed a crime of violence or violent felony. Instead, Holloway's Presentence Investigation Report, which the Court adopted, applied U.S.S.G. § 4A1.1(a) to add three criminal history points for each of Holloway's prior offenses where Holloway received a sentence of imprisonment exceeding one year and one month. ECF No. 44 at 11–13. The report also applied U.S.S.G. § 4A1.1(d) to add two points because Holloway committed the offense in this case while under a criminal sentence imposed in a prior case. ECF No. 44 at 13. Additionally, Holloway's 10 year mandatory minimum sentence was required because of his prior state law conviction for

ORDER **-** 3

"aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor," 18 U.S.C. § 2252A(b)(2), not because he committed a violent felony or crime of violence.

Because Holloway's sentence did not rely on any statute or provision of the Sentencing Guidelines that can plausibly be questioned based on the Supreme Court's decision in *Johnson*, Holloway's due process argument fails.

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Defendant's Motion Under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence, **ECF No. 71**, is **DENIED.**

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 25th day of August 2016.

_____
SALVADOR MENDOZA, JR.
United States District Judge